**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SINOX COMPANY LTD. <br><br>                 Plaintiff, <br><br>    v. <br><br> YIFENG MANUFACTURING CO. LTD.; <br> SHENZHEN YUANDAOYUAN INDUSTRIAL <br> CO. LTD. <br><br>                Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sinox Company Ltd. ("Plaintiff" or "Sinox"), by and through its counsel, files this Complaint against YiFeng Manufacturing Co. Ltd. ("YiFeng") and Shenzhen Yuandaoyuan Industrial Co., Ltd. ("Yuandaoyuan") (collectively, "Defendants") for infringement of United States Patent No. USRE45429 ("the '429 patent" or the "patent-in-suit"), and alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action for infringement of the patent-in-suit arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.* Specifically, this action relates to a patent directed to a combination lock having a second lock mechanism.

**PARTIES**

2.  Plaintiff Sinox Company Ltd. is a company organized under the laws of Taiwan and has its principal place of business at 3F, No. 2, Lane 93, Chien-I Road, Chung-Ho Dist., New Taipei City, 23585, Taiwan.

3.  Upon information and belief, YiFeng Manufacturing Co. Ltd. ("YiFeng") is a company organized under the laws of China and has its principal place of business at Fuzhu Industrial Park, Zhangyang Zone, Zhang Mutou Town, Dongguan City, 523637, China.

1

4.      Upon information and belief, Shenzhen Yuandaoyuan Industrial Co., Ltd., using an alias Coolife Luggage ("Coolife") on Amazon, is a company organized under the laws of China and has its principal place of business at 8K13C, Daqing Building, southeast of the intersection of Shennan Road and Guangshen Expressway, Tianan Community, Shatou Street, Futian District, Shenzhen, China.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a patent infringement action that arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b) because, among other things, venue is proper as to a foreign defendant in any district, as determined by the Federal Circuit. *In re HTC Corp*., 889 F.3d 1349, 1354 (Fed. Cir. 2018). YiFeng is a foreign corporation not residing in any United States judicial district and may be sued in any judicial district pursuant 28 U.S.C. § 1391(c).

6.      Yuandaoyuan is a foreign corporation not residing in any United States judicial district and may be sued in any judicial district pursuant 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER DEFENDANTS

7.      Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

8.      This Court has personal jurisdiction over Defendants because, pursuant to Federal Rule of Civil Procedure 4(k)(2), for a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

9.      Plaintiff's claim for patent infringement arises under federal law, specifically, 35 U.S.C. §§ 100 *et seq.*

10.     Defendants are not subject to jurisdiction in any state's courts of general jurisdiction.

11.     Defendants' contacts with the United States, which form the basis of this action, satisfy due process. Specifically, Defendants' infringing products are used and/or sold within and throughout the United States, including in the State of Texas.

12.     This Court has personal jurisdiction over Defendants in part because a substantial part of the events giving rise to the claims alleged in this Complaint for which Defendants are responsible occurred in Texas. As previously stated, Yuandaoyuan represents itself as Coolife on Amazon, selling luggage suitcases with Transportation Security Administration ("TSA") locks on the e-commerce platform across the United States. Namely, Coolife's luggage suitcase is available in Texas.

13.     Plaintiff purchased Coolife's luggage suitcase from Amazon. *See* Amazon receipt with transaction information, attached as Exhibit 1.

14.     Upon information and belief, the infringing TSA locks on Coolife's luggage suitcases are manufactured and sold by YiFeng. *See* YiFeng logo and model number on TSA lock from Coolife luggage, attached as Exhibit 2.

15.     Upon information and belief, Defendants sell infringing products and do business throughout the United States, including Texas.

16.     Conclusively, Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and within this judicial district.

17.     Defendants established sufficient minimum contacts in Texas and within this judicial district such that it should reasonably and fairly anticipate being involved in court in Texas and in this judicial district; have purposefully directed activities at residents of Texas and this judicial district; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

18.     Accordingly, this Court has personal jurisdiction over YiFeng who, on information and belief: (1) has committed acts of patent infringement, individually, in active concert or jointly in the State of Texas and in this judicial district; (2) has substantial, regularly conducted and systematic business contacts in the State of Texas and in this judicial district; (3) owns, manages, and markets products in the State of Texas and in this judicial district; and (4) enjoys substantial income from the sale of products in the State of Texas and in this judicial district.

## BACKGROUND

### Luggage Locks and Sinox TSA Lock

19.     Luggage locks prevent luggage from opening by accident. Luggage locks also serve as a deterrent to potential thieves. Luggage locks may be built into, on or with luggage, or may be external locks such as padlocks or lockable straps.

20.     In the United States, the Transportation Security Administration ("TSA") requires access to luggage without the passenger being present.

21.     The TSA recommends that TSA accepted locks be used, as luggage locked using other methods must be opened by force in order to be inspected.  Luggage locks accepted by the TSA can be opened by authorized agents using publicly known universal master keys.  Locks using this system are produced to meet standards set by Travel Sentry or Safe Skies.  Under the

agreement with TSA, it is Travel Sentry and Safe Skies that set the standards for these locks and approves each design.

22.     The Travel Sentry® lock system was created in 2003.  Every luggage lock with the Travel Sentry identifying mark (red diamond) is accepted by the TSA.  *See* Travel Sentry's logos and introduction, attached as Exhibit 3. As of today, more than 500 luggage brands have produced and distributed more than 600 million Travel Sentry® locks, with over 650 airports using the Travel Sentry system in 30+ countries.

23.     While Travel Sentry establishes and licenses the standards for Travel Sentry® locks, it is not involved in developing technologies required to make such locks.  Lock manufacturers are responsible for developing their own technologies that allow them to make locks conforming to the Travel Sentry standards.

24.     In this Complaint, the term "TSA lock" refers to locks that meet the standards established by Travel Sentry and approved by TSA.

25.     In this Complaint, the term "luggage lock" refers to all kinds of luggage lock, including but not limited to, padlocks, combination lock, lockable straps, and TSA locks.

### Sinox

26.     Sinox is a world leading developer and provider of high-quality security locks. Since its inception more than 40 years ago, Sinox has designed, engineered, and built category leading products that are trusted by consumers globally.  Specializing in security at the doorway and beyond, Sinox's vast offerings include residential and commercial door locks, bicycle locks, notebook computer locks, electronic security systems, travel luggage locks, and others.  Sinox's legacy and reputation of continuous improvement and thoughtful innovations makes it a leader in the market.

27.     Sinox's meticulous and painstaking engineering team has over four decades of experience designing cutting-edge security solutions.  Specifically, Sinox's products have innovative, patented designs that offer superior security over competitive locks.

28.     Sinox is one of the first companies in the world that pioneered the design of a luggage lock that meets the standard established by Travel Sentry and is TSA approved (hereinafter "Sinox TSA Lock").  The global sales for Sinox TSA Locks range from 5 to 8 million pieces each year, including to customers such as Samsonite, Victorinox, Tumi and others.

29.     On February 26, 2004, Sinox applied for patent protections in the U.S. and Taiwan covering the innovative designs of its Sinox TSA Lock.  U.S. patent application number 10/708,367 reissued as United States Patent No. RE45,429 ("the '429 patent") on March 24, 2015.

30.     Sinox respects and believes in the values of intellectual property. Protection and enforcement of intellectual property rights are at the core of Sinox's business.

31.     Sinox enforced its patent rights in 2016 by filing a complaint for patent infringement against Genius Brand LLC in the Southern District of New York, asserting that certain Genius Brand's products, which incorporated TSA locks, infringed "the '429 patent." Genius Brand settled with Sinox and continues to purchase licensed products from Sinox to date. *See* complaint for *Sinox v. Genius Brand LLC*, attached as Exhibit 4.

## YiFeng

32.     Upon information and belief, YiFeng Manufacturing Co., Ltd. was established in 1998 and is a manufacturer of locks in China.

33.     Upon information and belief, YiFeng claims to be the biggest manufacturer of TSA combination locks in China, dominating more than 50% of the medium and high-end markets, and earning a "high reputation in the global market."  YiFeng also claimed to have sold products in more than 30 countries, including in the United States. *See* YiFeng's introduction webpage, attached as Exhibit 5.

34.     Upon information and belief, YiFeng has been actively conducting commercial activities in the United States since as early as 2013. YiFeng announced on its website that it attended the 2013 US hardware show in Las Vegas, Nevada with the Booth number 1409. *See* YiFeng's announcement webpage for its participation in the 2013 US hardware show, attached as Exhibit 6; *see also* 2013 US hardware show information, attached as Exhibit 7.

35.     Upon information and belief, YiFeng also attended the 2013 Travel Goods Show with the Booth number 1544. *See* YiFeng's announcement webpage for its participation in the 2013 Travel Goods Show, attached as Exhibit 8.

36.     The Travel Goods Show, also known as the International Travel Goods Show, is an annual trade show exhibiting travel related products, and is held by Travel Goods Association (TGA) with principal venue at Las Vegas Convention Center, Las Vegas, Nevada.

37.     Upon information and belief, YiFeng has been attending the International Travel Goods Show almost every year since 2013. In each year, YiFeng exhibited with a Booth number. *See* Exhibit Directory of the Travel Goods Show from 2015 to 2019, attached as Exhibit 9.

38.     Upon information and belief, YiFeng has sold and continues to sell a collection of TSA locks in the United States that infringe the '429 patent.  In the trade shows attended, YiFeng showcased such infringing products in the public, dispensed brochures and catalogues thereof,

provided samples thereof, offered to sell such infringing products to show attendees, and requested customers' information to further solicit business for such infringing products.

39.     Upon information and belief, YiFeng has been selling infringing TSA locks to U.S.-located corporations, including Delsey and Heys USA, since as early as 2013. *See* YiFeng's catalog, attached as Exhibit 10. *See also* Delsey's company information, attached as Exhibit 11, and YiFeng's identification on its clients, which includes Heys USA, attached as Exhibit 12.

40.     Delsey and Heys USA luggage is available in the United States and is sold at Kohl's department stores in Texas. *See* Kohl's website, Heys luggage, attached as Exhibit 13; Kohl's website, Delsey luggage, attached as Exhibit 14.

### Yuandaoyuan

41.     Yuandaoyuan sells luggage suitcases on Amazon under the alias Coolife. *See* Coolife's product listing webpage on Amazon, attached as Exhibit 15.

42.     Upon information and belief, Coolife is a luggage brand, and the brand is owned and controlled by Yuandaoyuan. *See* Coolife's seller profile webpage on Amazon, attached as Exhibit 16.

43.     Yuandaoyuan, under the alias "Coolife," also markets, advertises and sells various collection of luggage suitcases equipped with TSA locks on the Coolife website that infringe the'429 patent. *See* Exhibit 15.

44.     At least the following Coolife product is equipped with a lock that infringes the '429 patent: Coolife luggage expandable (only 28") suitcase 3 piece set with TSA lock spinner 20in x 24in x 28in (blue) (ASIN: B07C2NTWXQ, Item model number: YD000060) ("Coolife Product at Issue"), which Plaintiff purchased on March 17, 2021, as shown in Exhibit 1.  The infringing TSA lock disassembled from the Coolife Product at Issue is manufactured by

YiFeng, as evidenced by Exhibit 2. A claim chart based on the '429 patent is attached as Exhibit 17.

## The Patent-in-Suit

45.     Plaintiff is the owner of the '429 patent, which duly and legally reissued on March 24, 2015.

46.     The '429 patent is for an invention titled "Combination Lock having a Second Lock Mechanism." A true and correct copy of the '429 patent is attached as Exhibit 18.

47.     The '429 patent will expire on February 26, 2024, per the 35 U.S.C. § 154(b) patent term adjustment.

48.     The inventors named on the '429 patent are Renny Tse-Haw Ling and Chun Sheng Wu.

49.     The '429 patent covers a combination lock having a combination lock mechanism and a key lock mechanism.

50.     The claims of the '429 patent are valid, enforceable, and not expired.

51.     All rights, title and interests in the '429 patent are owned by and assigned to Sinox Company Ltd.

52.     The inventions protected by the '429 patent are the result of Plaintiff's many years of designing and engineering innovative TSA lock technologies that comply with Travel Sentry standards.

53.     The '429 patent teaches a novel lock system having two mechanisms: a combination lock mechanism and a key lock mechanism.  The combination lock can be opened by entering a sequence of numbers using rotating dials, or by using a key via the key lock mechanism.  In other words, the dual-locks system of the '429 patent allows an authorized TSA

officer to open a suitcase using a universal master key without the need to know the combination to the lock, thereby avoiding damaging the lock system or the luggage.

54.     Upon information and belief, the locks used on the Coolife Product at Issue is manufactured by YiFeng (model number: YiF TSA 15023).

55.     Upon information and belief, in addition to YiF TSA 15023, YiFeng manufactures at least the following additional infringing TSA locks: TSA16003, TSA15102, TSA372, TSA371, TSA21138, TSA12069, TSA12033, and TSA601. Sinox was able to obtain these infringing locks on the market. *See* YiFeng's locks other than TSA15023, attached as Exhibit 19.

56.     All the models listed above, manufactured and sold by YiFeng, infringe the '429 patent.

57.     Upon information and belief, Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '429 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '429 patent in violation of 35 U.S.C. § 271(a), including but not limited to the luggage locks of YiFeng and the Coolife Product at Issue.

## Notice of the Patent-in-Suit

58.     As of June 8, 2021, Defendants have had notice and been aware of the patents-in-suit, when Plaintiff sent correspondence to YiFeng and Coolife, informing them of the existence of the '429 patent and the infringement of the same by YiFeng and Coolife. *See* Notice letters, attached as Exhibit 20 and Exhibit 21.

59.     Plaintiff's letters instructed YiFeng and Coolife to immediately cease and desist from engaging in any further conduct that would lead to infringing activity. On information and

belief, YiFeng and Coolife have ignored Sinox's repeated warnings and failed to correct and alter their infringing conducts.

## PATENT INFRINGEMENTS

### Count I: Infringement of United States Patent No. RE45429 by the Defendants - YiF TSA15023

60.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

61.     On information and belief, and without authority, consent, right, or license, Defendants make, use, sell, offer to sell and/or import TSA locks in the United States. In doing so, Defendants infringe one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA15023), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA15023) specifications and directions, which provide instructions on how to use the TSA lock (model number: YiF TSA 15023) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 17.

62.     Plaintiff reserves the right to assert additional claims of the '429 patent that the Defendants infringe.

63.     As such, since the TSA lock (model number: YiF TSA15023) meets each and every claim limitation, Defendants directly infringe one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

64.     At least as of Plaintiff's June 8 notice letters, Defendants knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA15023) by keeping this product in the marketplace and the stream of commerce, and

possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

65.     Defendants possessed, and continue to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA15023), which product directly infringes the '429 patent.

66.     Defendants have actively induced and encouraged, and continue to actively induce and encourage, use of the TSA lock (model number: YiF TSA15023) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA15023).

67.     Upon information and belief, Defendants know that its TSA lock (model number: YiF TSA15023) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA15023) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA15023) is not suitable for substantial noninfringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA15023), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

Defendants' foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent. Plaintiff has been damaged by the Defendants' infringement of the '429 patent.  Unless restrained and enjoined by this Court, the Defendants will continue to infringe the '429 patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

68.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 patent.

69.     Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## Count II: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA371

70.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

71.     On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA371), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA371) specifications and directions, which provide instructions on how to use the TSA lock (model number: YiF TSA371) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 22.

72.     Plaintiff reserves the right to assert additional claims of the '429 patent that YiFeng infringe.

73.     As such, since the TSA lock (model number: YiF TSA371) meets each and every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

74.     At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA371) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

75.     YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA371), which product directly infringes the '429 patent.

76.     YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA371) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA371).

77.     Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA371) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA371) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA371) is not suitable for substantial noninfringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA371), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

78.     YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

79.     Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

80.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

81.     Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count III: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA372**

82.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

83.     On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA372), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA372) specifications and directions, which provide instructions on how to use the TSA lock (model

number: YiF TSA372) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 23.

84.    Plaintiff reserves the right to assert additional claims of the '429 patent that the Defendants infringe.

85.    As such, since the TSA lock (model number: YiF TSA372) meets each and every claim limitation, Defendants directly infringe one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

86.    At least as of Plaintiff's June 8 notice letters, Defendants knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA372) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

87.    YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA372), which product directly infringes the '429 patent.

88.    YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA372) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA372).

89.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA372) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA372) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA372) is not suitable for substantial non-infringing use, resulting in

conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA372), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

90.     YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

91.     Plaintiff has been damaged by the Defendants' infringement of the '429 patent. Unless restrained and enjoined by this Court, the Defendants will continue to infringe the '429 patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

92.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

93.     Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count IV: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA601**

94.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

95.     On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell,

selling and/or importing the TSA lock (model number: YiF TSA601), and/or by actively

inducing infringement by others under § 271(b) and/or contributing to infringement under §

271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA601)

specifications and directions, which provide instructions on how to use the TSA lock (model

number: YiF TSA601) in a manner that infringes directly the '429 patent. *See* claim chart,

attached as Exhibit 24.

96.     Plaintiff reserves the right to assert additional claims of the '429 patent that

YiFeng infringes.

97.     As such, since the TSA lock (model number: YiF TSA601) meets each and every

claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of

35 U.S.C. § 271(a).

98.     At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent,

knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA601)

by keeping this product in the marketplace and the stream of commerce, and possessed a specific

intent to encourage direct infringement of the '429 patent, due to the failure to remove these

goods from the stream of commerce.

99.     YiFeng possessed, and continues to possess, specific intent to induce infringement

by providing to the public, at a minimum, product specifications and the option to purchase

and/or use the TSA lock (model number: YiF TSA601), which product directly infringes the

'429 patent.

100.    YiFeng has actively induced and encouraged, and continues to actively induce

and encourage, use of the TSA lock (model number: YiF TSA601) by marketing, promoting and

advertising the infringing use of the TSA lock (model number: YiF TSA601).

101.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA601) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA601) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA601) is not suitable for substantial non-infringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA601), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

102.    YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

103.    Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

104.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

105.    Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count V: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA12033**

106.   Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

107.   On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA12033), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA12033) specifications and directions, which provide instructions on how to use the TSA lock (model number: YiF TSA12033) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 25.

108.   Plaintiff reserves the right to assert additional claims of the '429 patent that YiFeng infringe.

109.   As such, since the TSA lock (model number: YiF TSA12033) meets each and every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

110.   At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA12033) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

111.    YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA12033), which product directly infringes the '429 patent.

112.    YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA12033) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA12033).

113.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA12033) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA12033) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA12033) is not suitable for substantial noninfringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA12033), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

114.    YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

115.    Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

116.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

117.    Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count VI: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA12069**

118.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

119.    On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA12069), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA12069) specifications and directions, which provide instructions on how to use the TSA lock (model number: YiF TSA12069) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 26.

120.    Plaintiff reserves the right to assert additional claims of the '429 patent that YiFeng infringes.

121.    As such, since the TSA lock (model number: YiF TSA12069) meets each and every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

122.    At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA12069) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

123.    YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA12069), which product directly infringes the '429 patent.

124.    YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA12069) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA12069).

125.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TS TSA12069) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA12069) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA12069) is not suitable for substantial noninfringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA12069), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

126.     YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

127.     Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

128.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

129.     Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count VII: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA15102**

130.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

131.     On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA15102), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA15102) specifications and directions, which provide instructions on how to use the TSA lock (model

number: YiF TSA15102) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 27.

132.    Plaintiff reserves the right to assert additional claims of the '429 patent that YiFeng infringes.

133.    As such, since the TSA lock (model number: YiF TSA15102) meets each and every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

134.    At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA15102) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

135.    YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA15102), which product directly infringes the '429 patent.

136.    YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA15102) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA15102).

137.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA15102) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA15102) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA15102) is not suitable for substantial non-infringing use,

resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. §

271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of

equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number:

YiF TSA15102), resulting in conduct that constitutes, at a minimum, patent infringement under

35 U.S.C. § 271(a).

138.    YiFeng's foregoing actions constitute and/or will constitute infringement of the

'429 patent, active inducement of infringement of the '429 patent, and contribution to the

infringement by others of the '429 patent.

139.    Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless

restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting

in substantial, continuing and irreparable damage to Plaintiff.

140.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with

respect to the '429 Patent.

141.    Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is,

thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this

Court under 35 U.S.C. § 284.

**Count VIII: Infringement of United States Patent No. RE45429 by YiFeng – YiF TSA16003**

142.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

143.    On information and belief, and without authority, consent, right, or license,

YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing

so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under §

271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell,

selling and/or importing the TSA lock (model number: YiF TSA16003), and/or by actively

inducing infringement by others under § 271(b) and/or contributing to infringement under §

271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA16003)

specifications and directions, which provide instructions on how to use the TSA lock (model

number: YiF TSA16003) in a manner that infringes directly the '429 patent. *See* claim chart,

attached as Exhibit 28.

144.    Plaintiff reserves the right to assert additional claims of the '429 patent that

YiFeng infringes.

145.    As such, since the TSA lock (model number: YiF TSA16003) meets each and

every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in

violation of 35 U.S.C. § 271(a).

146.    At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent,

knowingly induced the use by consumers of the of the TSA lock (model number: YiF

TSA16003) by keeping this product in the marketplace and the stream of commerce, and

possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure

to remove these goods from the stream of commerce.

147.    YiFeng possessed, and continues to possess, specific intent to induce infringement

by providing to the public, at a minimum, product specifications and the option to purchase

and/or use the TSA lock (model number: YiF TSA16003), which product directly infringes the

'429 patent.

148.    YiFeng has actively induced and encouraged, and continues to actively induce

and encourage, use of the TSA lock (model number: YiF TSA16003) by marketing, promoting

and advertising the infringing use of the TSA lock (model number: YiF TSA16003).

149.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA16003) is made or adapted for use in infringing the ′429 patent, that the TSA lock (model number: YiF TSA16003) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA16003) is not suitable for substantial non-infringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA16003), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

150.    YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

151.    Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

152.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

153.    Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Count IX: Infringement of United States Patent No. RE45429 by YiFeng –YiF TSA21138**

154.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

155.     On information and belief, and without authority, consent, right, or license, YiFeng makes, uses, sells, offers to sell and/or imports TSA locks in the United States. In doing so, YiFeng infringes one or more claims, including claims 1 and 14 of the '429 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the TSA lock (model number: YiF TSA21138), and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c) by providing to the public, at a minimum, the TSA lock (model number: YiF TSA21138) specifications and directions, which provide instructions on how to use the TSA lock (model number: YiF TSA21138) in a manner that infringes directly the '429 patent. *See* claim chart, attached as Exhibit 29.

156.     Plaintiff reserves the right to assert additional claims of the '429 patent that YiFeng infringes.

157.     As such, since the TSA lock (model number: YiF TSA21138) meets each and every claim limitation, YiFeng directly infringes one or more claims of the '429 patent in violation of 35 U.S.C. § 271(a).

158.     At least as of Plaintiff's June 8 notice letters, YiFeng knew of the '429 patent, knowingly induced the use by consumers of the of the TSA lock (model number: YiF TSA21138) by keeping this product in the marketplace and the stream of commerce, and possessed a specific intent to encourage direct infringement of the '429 patent, due to the failure to remove these goods from the stream of commerce.

159.    YiFeng possessed, and continues to possess, specific intent to induce infringement by providing to the public, at a minimum, product specifications and the option to purchase and/or use the TSA lock (model number: YiF TSA21138), which product directly infringes the '429 patent.

160.    YiFeng has actively induced and encouraged, and continues to actively induce and encourage, use of the TSA lock (model number: YiF TSA21138) by marketing, promoting and advertising the infringing use of the TSA lock (model number: YiF TSA21138).

161.    Upon information and belief, YiFeng knows that its TSA lock (model number: YiF TSA21138) is made or adapted for use in infringing the '429 patent, that the TSA lock (model number: YiF TSA21138) is not a staple article or commodity of commerce, and that the TSA lock (model number: YiF TSA21138) is not suitable for substantial non-infringing use, resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(c).  More specifically, consumers directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 14 of the '429 patent by using the TSA lock (model number: YiF TSA21138), resulting in conduct that constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

162.    YiFeng's foregoing actions constitute and/or will constitute infringement of the '429 patent, active inducement of infringement of the '429 patent, and contribution to the infringement by others of the '429 patent.

163.    Plaintiff has been damaged by YiFeng's infringement of the '429 Patent.  Unless restrained and enjoined by this Court, YiFeng will continue to infringe the '429 Patent, resulting in substantial, continuing and irreparable damage to Plaintiff.

164.    Plaintiff has complied with the notice requirements of 35 U.S.C. § 287(a) with respect to the '429 Patent.

165.    Plaintiff has been damaged as a result of YiFeng's infringing conduct. YiFeng is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendants as follows:

a.    finding that Defendants have infringed, contributed to and induced infringement of one or more claims of the patent-in-suit;

b.    awarding Plaintiff damages under 35 U.S.C. § 284, or otherwise permitted by law, and damages for any continued post-verdict infringement;

c.    awarding Plaintiff pre-judgment and post-judgment interest on the damages award and costs;

d.    enjoining Defendants from making, using, selling, offering for sale, and/or importing in or into the United States products that fall within the scope of the claims of the '429 patent;

e.    declaring this case exceptional pursuant to 35 U.S.C. § 285;

f.    awarding costs of this action and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

31

g.     awarding such other costs and further relief the Court determines to be just and equitable.

Respectfully submitted,

Dated: October 1, 2021       By:    /s/ *Joseph M. Abraham*
Joseph M. Abraham, TX Bar No. 24088879
joe@joeabrahamlaw.com
Law Office of Joseph M. Abraham, PLLC
13492 Research Blvd., Suite 120, No. 177
Austin, Texas 78750

Michael Siem, NY Bar No. 3910668
(Admission *pro hac vice pending*)
msiem@goldbergsegalla.com
Goldberg Segalla
711 3rd Avenue, Suite 1900
New York, New York 10017

*Attorneys For Plaintiff Sinox Company Ltd.*