IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SINOX COMPANY LTD., <br> Plaintiff, <br><br> v. <br><br> YIFENG MANUFACTURING CO. LTD. <br> and SHENZHEN YUANDAOYUAN <br> INDUSTRIAL CO. LTD., <br> Defendants. | § <br> § <br> § <br> § NO. 6:21-CV-01022-ADA <br> § <br> § <br> § <br> § |

### ORDER GRANTING-IN-PART-AS-MODIFIED AND DENYING-IN-PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE [ECF No. 13]

Came for consideration on this date is Plaintiff's Motion for Leave to Effect Alternative Service on Defendants. ECF No. 13 (the "Motion"). Plaintiff Sinox Company Ltd. filed its Motion on March 2, 2022. Defendants Yifeng Manufacturing Co. Ltd. ("YiFeng") and Shenzhen Yuandaoyuan Industrial Co. Ltd. ("SYIC") (collectively the "Defendants") did not appear in order to oppose that Motion. After careful consideration of the Motion and the applicable law, the Court **GRANTS-IN-PART-AS-MODIFIED** and **DENIES-IN-PART** Plaintiff's Motion.

### I. BACKGROUND

Sinox sued YiFeng and SYIC in this Court on October 1, 2021, alleging that each of the Defendants infringe and have infringed reissue patent RE45,429 through the sale of certain combination locks. *See* ECF No. 1 (the "Complaint"). The Complaint alleges that YiFeng and SYIC are Chinese companies with principal places of business in China (Dongguan City and Shenzhen, respectively). *Id.* ¶¶ 3–4. According to Sinox, SYIC is doing business on Amazon.com as Coolife Luggage. *Id.* ¶ 4. Sinox, after having made numerous attempts to serve Defendants, seeks an order from the Court permitting alternative service on YiFeng and SYIC pursuant to Federal Rule of Civil Procedure 4(f)(3).

1

    **A.**    **Sinox's Attempts to Serve**

According to Sinox, it has unsuccessfully attempted to effect service on Defendants for months. It has:

- Emailed the Complaint, summons, and waiver of service to YiFeng at sales22@yflock.com on October 14, 2021, again on October 22, 2021, to sales22@yflock.com and to YiFeng's sales director, Mr. Pendy Wu, at sales56@yflock.com, and again to these same email addresses on February 2, 2022.

- Emailed the Complaint, summons, and waiver of service to Coolife at the following addresses on October 14, 2021: financial_01@yuandaoyuan.com; dymeiguo@126.com; and coolife_service@yuandaoyuan.com, and again to the same addresses, including 1039827034@qq.com, on October 22, 2021.

- Contacted Coolife's sales director through WeChat and provided the waiver of summons form to Coolife's sales director through WeChat in November and December of 2021.

- OPES mailed the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng and Coolife on November 5, 2021.

- Mailed the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng and Coolife on December 10, 2021.

- Instructing the Chinese law firm of Shanghai Danrong & Zongde Intellectual Property Agency to mail the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng and Coolife on December 17, 2021.

- Initiated the Hague service process, which included translating documents into Chinese and, with the assistance of a Hague service vendor, sending the Complaint, summons, and supporting documents abroad for service on January 28, 2022. Hague service remains outstanding.

*See* ECF No. 13 at 2–3. Moreover, Sinox suggests that Coolife is aware of this Action; Sinox alleges that Coolife's supply chain manager, Jie Zhen Liu, visited the Sinox factory in China on October 11, 2021, to meet with Ms. Anna Chen of Sinox, for the purpose of discussing Sinox's litigation against Coolife. *Id.* at 3; ECF No. 13-7 ¶ 4. (Sinox also attempted to email its Motion to Defendants. ECF No. 13 at 3.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

## III. ANALYSIS

Sinox requests leave to effect alternative service under Rule 4(3)(f) to serve Defendants through electronic means. Specifically, Sinox would like to effect service by:

3

- Emailing the complaint and other required materials to YiFeng via email to sales22@yflock.com; and sales56@yflock.com.
- Emailing the complaint and other required materials to SYIC via email to the following: financial_01@yuandaoyuan.com; ydymeiguo@126.com; coolife_service@yuandaoyuan.com, and 1039827034@qq.com.

ECF No. 13 at 15.

### A.     Alternative Service Is Available via Email

Rule 4(f)(3) provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . *by other means not prohibited by international agreement*, as the court orders.

Fed. R. Civ. P. 4(f)(3) (emphasis added). The Court finds that the electronic service Sinox requests is not prohibited by international agreement. China is a signatory to the Hague Convention and has objected to service via "postal channels" under Article 10(a). Article 10 does not reference electronic service, but courts have split on whether a signatory's objection to Article 10 constitutes an objection to electronic service. *See Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, Civil Action No. 19-608, 2019 U.S. Dist. LEXIS 219724, at *8 (W.D. Pa. Dec. 23, 2019) (gathering cases). This Court sides with the authorities holding that a country's objection to postal service does not constitute an objection to electronic service. *See Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) (collecting cases). Accordingly, no international agreement prohibits electronic service upon Defendants.

### B. Alternative Service Is Justified Because Sinox Has Made Several Attempts to Serve Defendants.

The Court will permit alternative service here because Sinox has shown that it attempted service through other, more traditional means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). As this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases).

Attempting service under the Hague Convention is not a prerequisite to requesting alternative service. *See Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *4 ("A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)."). But this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *See, e.g.*, *Terrestrial Comms*, 2020 U.S. Dist. LEXIS 106909 at *6 (quoting

5

*Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

As described above, Sinox has made several attempts to effect service on Defendants, including electronic means, postal means, and Hague service. Those actions are sufficient to show that Sinox has made efforts to serve Defendants, including through more traditional means, and therefore distinguish previous orders emanating from this Court denying alternative service because plaintiff failed to first attempt service through more traditional means. *See The Trustees of Purdue Univ. v. STMicroelectronics N.V. et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL through the Hague Convention, to which the Netherlands is a signatory."); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first.").

Indeed, Sinox began the laborious process of serving Defendants through the Hague on January 28, 2022. That service is still outstanding as of early April, 2022. Sinox has represented that it expects that service through the Hague will be further delayed by ongoing complications related to the coronavirus and tensions between Taiwan, Sinox's home country, and China, Defendants' home country. *See* ECF No. 13 at 13. Alternate service pursuant to Rule 4(f)(3) is appropriate when, for example, "there is a need for speed that cannot be met by following the Hague Convention methods." *Document Operations LLC v. AOS Legal Techs., Inc.*, No. 4:20-CV-1532, 2020 U.S. Dist. LEXIS 211307, at *8 (S.D. Tex. Nov. 12, 2020) (quoting *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016)). Service will almost certainly take several more months to

complete; the vindication of Sinox's patent rights will be further delayed and Defendants' accused products will continue to enter the market. Rule 4(f)(3) is, therefore, an appropriate avenue through which to pursue service. *See Affinity Labs.*, 2014 U.S. Dist. LEXIS 185740, at *9 (W.D. Tex. July 2, 2014) ("[S]aving time and expense are valid reasons to request an alternative method of service."). Particularly so where SYIC knows of this Action. Sinox has adduced evidence that Coolife has already spoken to Sinox about this Action. *See* ECF No. 13 at 1.

**B. Sinox's Proposed Method of Alternative Service Does Not Comport with Due Process.**

Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas's long-arm statute. Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Adver. Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1997). To satisfy the constitutional requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317–18.

This Court holds that electronic service upon SYIC may comport with due process, but it cannot say the same for YiFeng. Again, Sinox has requested the following alternative service.

- Emailing the complaint and other required materials to YiFeng via email to sales22@yflock.com; and sales56@yflock.com.

- Emailing the complaint and other required materials to SYIC via email to the following: financial_01@yuandaoyuan.com; ydymeiguo@126.com; coolife_service@yuandaoyuan.com, and 1039827034@qq.com.

ECF No. 13 at 16. In response to a request from the Court, Sinox submitted, on March 23, 2022, a declaration from Huei Chuan Chen, sales director at Sinox, describing Sinox's basis for its belief that emails to the identified addresses would notify Defendants of this Action. *See* ECF No. 15. As to YiFeng, Ms. Chen testified that the sales56@yflock.com address belongs to YiFeng's sales director. *Id.* ¶ 6. Ms. Chen also attested that YiFeng's website lists "sales22@yflock.com" as the business contact information for YiFeng in Dongguan. *Id.* ¶ 7.

As to SYIC, Ms. Chen testified that Coolife's Amazon page lists "coolife_service@yuandaoyuan.com" as its relevant contact address. *Id.* ¶¶ 8, 9. She also testified that a private Chinese business registry website called "tianyancha" identifies contact information for SYIC as "financial_01@yuandaoyuan.com" and "1039827034@qq.com." *Id.* ¶ 11. Finally, Ms. Chen attested that "ydymeiguo@126.com" is listed as a contact on Coolife's archived contact page. *Id.* ¶ 12. Plaintiff has previously emailed the Complaint, summons, and waiver of service to these YiFeng and SYIC addresses; those emails were not returned as undeliverable. ECF No. 13 at 6.

Some courts have held that serving process on a foreign defendant via email does not satisfy due process unless the plaintiff previously communicated with the defendant through the relevant email address or the defendant indicated to the plaintiff that the email address was its preferred method of communication.[1] Other courts have found due process satisfied where the

---

[1] *See, e.g.*, *Future Motion, Inc. v. Doe*, No. 21-cv-03022-JSC, 2021 U.S. Dist. LEXIS 135261, at *6 (N.D. Cal. July 20, 2021) ("[S]ervice by email satisfies due process when foreign defendants previously communicated by email."); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 345

defendant does business online and the plaintiff has shown that the foreign defendant uses the particular email address to conduct business relevant to the matters at issue in suit.[2]

The Court holds that electronic service upon SYIC d/b/a/ Coolife can satisfy due process. The Complaint reflects that Coolife is doing business online. For example, Sinox alleges that SYIC

---

(E.D.N.Y. 2021) (permitting email service on foreign defendant where the plaintiff submitted evidence that defendant had been using the email addresses); *Web v. Kakao Corp.*, No. 2:20-cv-00139-JRG-RSP, 2020 U.S. Dist. LEXIS 258828, at *6 (E.D. Tex. Oct. 3, 2020) (denying email service on foreign defendants where "[n]othing indicate[d] that these address have been used to contact Defendant before or that Defendant is already aware of this suit" and no other methods of alternative service were requested); *James Avery Craftsman, Inc. v. Sam Moon Trading Enters.*, No. SA-16-cv-00463-OLG, 2018 U.S. Dist. LEXIS 219083, at *20 (W.D. Tex. July 5, 2018) (denying email service on foreign defendant where there was no evidence that the defendant communicated with the defendant via the relevant address); *Ahrens v. Pecknick*, No. 2:15-cv-02034-JAD-NJK, 2016 U.S. Dist. LEXIS 159443, at *7 (D. Nev. Nov. 16, 2016) (denying email service where plaintiff had not communicated with the defendant through that address); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, Civil Action No. 2:13-cv-458, 2013 U.S. Dist. LEXIS 54299, at *5 (W.D. Pa. Apr. 16, 2013) (permitting email service of a translated copy of the summons and complaint to an address that the parties had previously used to communicate with each other); *Rio Props., Inc.*, 284 F.3d at 1017 (permitting international email service when defendant had no written address and email communication is what defendant "preferred"); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000) (permitting email service in conjunction with other forms of service after defendant had specifically told plaintiff that email and fax were the best way to reach him, including in relation to the pending case).

[2] *See Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23937-CIV, 2022 U.S. Dist. LEXIS 55768, at *6 (S.D. Fla. Mar. 25, 2022) ("[W]here the party seeking to serve a subpoena by email has demonstrated that the foreign entity has used the particular email address to conduct business or engage in communications relevant to the matters at issue in the lawsuit, service by way of the email address is most likely to provide notice to the foreign entity and, therefore, comport with due process."); *Aerodyn Engineering LLC v. Fidia Co*, 2020 U.S. Dist. LEXIS 97993, 2020 WL 3000509 at * 2 (E.D. Mich. June 4, 2020) ("Plaintiff is also correct in asserting that service via email comports with principles of due process where the serving party has shown . . . that the party being served does business online and the identified emails are valid."); *BBK Tobacco & Foods, LLP v. Gooshelly*, No. 20-10025, 2020 U.S. Dist. LEXIS 81920, 2020 WL 2315879, at *3 (E.D. Mich. May 11, 2020) (permitting alternative service through email on foreign business with unknown addresses, noting that "[n]umerous courts have held that email service on defendants that do business online, and are connected to email addresses, is consistent with due process"); *Microsoft Corp. v. Goldah.Com Network Tech. Co.*, No. 17-CV-02896-LHK, 2017 U.S. Dist. LEXIS 168537, at *14 (N.D. Cal. Oct. 11, 2017) (Koh, J.) ("[W]here defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process.").

sells suitcases on Amazon and its own website under the alias Coolife. ECF No. 1 ¶¶ 41–43. The Court is therefore satisfied that service upon electronic addresses associated with SYIC's online business is reasonably calculated to apprise SYIC of this Action. Indeed, it appears that Sinox's attempts at service so far, primarily comprising electronic messages, have succeeded in notifying SYIC of this Action. *See* ECF No. 13 at 2 & n.1 (discussing how Coolife's supply chain manager, Ms. Liu, visited Sinox for purposes of discussing this Action). Moreover, Sinox personnel have already corresponded back and forth with Ms. Liu via WeChat, including sending a waiver of service. *See* ECF No. 13-7, Exs. A, B. The Court finds that electronic service will better comport with due process so long as Sinox also attempts to serve SYIC through Ms. Liu's WeChat profile, which she has already ostensibly used to conduct SYIC's business. In the same vein, the Court also finds it appropriate for Sinox to attempt service upon SYIC by messaging Coolife through Amazon's messaging center. *See Noco Co. v. Zhejiang Quingyou Elec. Commerce Co.*, No. 1:20cv1170, 2021 U.S. Dist. LEXIS 20414, at *11 (N.D. Ohio Feb. 3, 2021) (endorsing service through Amazon's messaging center).

Sinox has not shown, however, that electronic service is reasonably calculated to apprise YiFeng of this Action. Sinox's allegations regarding YiFeng focus, not on any kind of online business, but YiFeng's attendance at U.S. trade shows and the presence of its products in department stores. *See* ECF No. 1 ¶¶ 32–40. It is therefore less likely that email service is reasonably calculated to alert YiFeng. Further, Sinox has not adduced direct evidence that YiFeng is actually aware of this litigation or that YiFeng has ever responded to Sinox via the email addresses Sinox has identified. It is not enough that Sinox's previous emails have not been returned as undeliverable. *See James Avery*, 2018 U.S. Dist. LEXIS 219083, at *19. Accordingly, this Court

10

cannot establish that service through those email addresses is reasonably calculated to alert YiFeng to this Action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Effect Alternative Service on Defendants is **GRANTED-IN-PART-AS-MODIFIED** and **DENIED-IN-PART**. Sinox's request for alternative service upon YiFeng is **DENIED**. Sinox's request for alternative service upon SYIC is **GRANTED-AS-MODIFIED**.

**IT IS THEREFORE ORDERED** that Sinox may serve process upon SYIC pursuant to Rule 4(f)(3) by doing all of the following:

- Emailing process, translated into Chinese, to SYIC via email to the following: financial_01@yuandaoyuan.com; ydymeiguo@126.com; coolife_service@yuandaoyuan.com, and 1039827034@qq.com;

- Sending process, translated into Chinese, to Jie Zhen Liu via WeChat using the same WeChat contact information Sinox personnel previously used to correspond with Ms. Liu; and

- Sending process, translated into Chinese, to Coolife through Amazon's messaging center.

SIGNED this 5th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE