IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SINOX COMPANY LTD.,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>YIFENG MANUFACTURING CO. LTD.<br>and SHENZHEN YUANDAOYUAN<br>cINDUSTRIAL CO. LTD.,<br>　　　　　　　　Defendants. | §<br>§<br>§<br>§　　NO. 6:21-CV-01022-ADA<br>§<br>§<br>§<br>§ |

**ORDER GRANTING-AS-MODIFIED PLAINTIFF'S RENEWED MOTION
FOR LEAVE TO EFFECT ALTERNATIVE SERVICE [ECF No. 20]**

Came for consideration on this date is Plaintiff's Renewed Motion for Leave to Effect Alternative Service on Defendant YiFeng Manufacturing Co. Ltd. ECF No. 20 (the "Renewed Motion"). Plaintiff Sinox Company Ltd. ("Sinox") filed its Motion on May 17, 2022. Defendant YiFeng Manufacturing Co. Ltd. ("YiFeng") did not make an appearance to oppose the Renewed Motion. Sinox filed a Notice of Subsequent Factual Development in Support of Its Renewed Motion on May 24, 2022. ECF No. 26 (the "Notice of Factual Development"). After careful consideration of the Renewed Motion and the applicable law, the Court **GRANTS-AS-MODIFIED** Plaintiff's Renewed Motion.

**I. BACKGROUND**

Sinox sued YiFeng and its co-defendant, Shenzhen Yuandaoyuan Industrial Co., Ltd. ("SYIC"), in this Court on October 1, 2021, alleging that each of YiFeng and SYIC (collectively, the "Defendants") infringe and have infringed reissued U.S. Patent No. RE45,429 through the sale of certain combination locks. *See* ECF No. 1 (the "Complaint"). The Complaint alleges that YiFeng and SYIC are Chinese companies with principal places of business in China (Dongguan City and Shenzhen, respectively). *Id.* ¶¶ 3–4. According to Sinox, SYIC is doing business on

1

Amazon.com as Coolife Luggage. *Id.* ¶ 4. On March 2, 2022, Sinox, after having made numerous attempts to serve Defendants, sought an order from this Court permitting alternative service on YiFeng and SYIC pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF No. 13 (the "Original Motion"). On April 5, 2022, the Court granted Sinox leave to effect alternative service upon SYIC but denied leave to do so on YiFeng. *See Sinox Co. v. YiFeng Mfg. Co.*, No. 6:21-CV-01022-ADA, 2022 U.S. Dist. LEXIS 62913 (W.D. Tex. Apr. 5, 2022) (hereinafter, *Sinox I*).

*Sinox I* denied alternative service on YiFeng because Sinox had not shown: (a) that YiFeng conducts business online such that it was "likely that email service is reasonably calculated to alert YiFeng" to this Action; (b) that YiFeng ever responds when emailed at the addresses Sinox had suggested alternative service be effected upon; and (c) that YiFeng was actually aware of this Action. *Id.* at *12.

On May 17, 2022, Sinox filed its Renewed Motion, presenting evidence purportedly entitling Sinox to the leave *Sinox I* denied.

### A.  Sinox's Attempts to Serve Process

According to Sinox's Original Motion, it unsuccessfully attempted to effect service on Defendants for months. It has:

- Emailed the Complaint, summons, and waiver of service to YiFeng at sales22@yflock.com on October 14, 2021, again on October 22, 2021, to sales22@yflock.com and to YiFeng's sales director, Mr. Pendy Wu, at sales56@yflock.com, and again to these same email addresses on February 2, 2022.

- OPES mailed the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng on November 5, 2021.

- Mailed the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng on December 10, 2021.

- Instructed the Chinese law firm of Shanghai Danrong & Zongde Intellectual Property Agency to mail the complaint package, on Goldberg Segalla letterhead, through registered mail with delivery confirmation, to YiFeng on December 17, 2021.

- Initiated the Hague service process, which included translating documents into Chinese and, with the assistance of a Hague service vendor, sending the Complaint, summons, and supporting documents abroad for service on January 28, 2022. Hague service remains outstanding.

*See* ECF No. 13 at 2–3. (Sinox also attempted to email its Original Motion to Defendants. ECF No. 13 at 3.)

The Renewed Motion attempts to cure the defects justifying this Court's earlier denial of alternative service. First, Sinox claims that YiFeng is conducting an online business through Alibaba, attaching evidence of YiFeng's Alibaba page. ECF No. 20 at 4 (citing ECF No. 20-4). Sinox's counsel apparently corresponded with Cindy Lai and Jackie Wu, sales managers for YiFeng, through an Alibaba chat room, under the pretense that counsel was looking to buy a laptop lock. *See* ECF No. 20 at 4; ECF Nos. 20-2, 20-5. Ms. Lai directed Sinox's counsel to correspond with, and counsel did correspond with, Ms. Jackie Wu through sales71@yflock.com. *See* ECF No. 20 at 4 (citing ECF Nos. 20-5, 20-6).

Second, Sinox attests that a third-party contact "made a purchase inquiry to sales2@yflock.com, to which Ms. Vera Shu with YiFeng responded." ECF No. 20 at 3. According

to Sinox, Ms. Shu's[1] signature block "shows that she is a YiFeng representative" and "lists her email address as sales2@yflock.com," from which Sinox concludes that sales2@yflock.com is an "established email address for YiFeng and can be used for alternative service." ECF No. 20 at 3. "[B]oth the sales71@yflock.com (Jackie Wu) and the sales2@yflock.com (Vera Shu) email addresses are listed as contact information on YiFeng's web site." ECF No. 20 at 5 (citing ECF No. 20-2).

Third, and finally, Huei Chuan Chen, a Sinox sales manager, initiated discussions over WeChat[2] with Pendy Wu, YiFeng's sales manager. *See* ECF No. 20 at 3–4; ECF No. 20-2 (listing Mr. Pu as sales manager). Mr. Wu purportedly responded to business inquiries but stopped when Ms. Chen asked him about this Action and forwarded him a complaint package. *See* ECF No. 20 at 4. According to Sinox's Notice of Factual Development, Mr. Wu then blocked Ms. Chen via WeChat. ECF No. 26 at 2.

Sinox's Renewed Motion is now ripe for judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States is to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R.

---

[1] Sinox incorrectly refers to Ms. Shu was "Ms. Wu" once on page 3 of its Renewed Motion. ECF No. 20 at 3 ("Ms. Wu's signature block . . . .")

[2] Ms. Chen attests that WeChat is the "primary tool used by Chinese business people to communicate." ECF No. 20-3 ¶ 4.

4

Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

### III. ANALYSIS

Sinox requests leave to effect alternative service under Rule 4(f)(3) to serve Defendants through electronic means. Specifically, Sinox would like to effect service by:

- Emailing process, translated into Chinese, to YiFeng via email to the following: sales2@yflock.com and sales71@yflock.com; and

- Sending process, translated into Chinese, to YiFeng through Alibaba's chat.[3]

ECF No. 26 at 2; *see also* ECF No. 20 at 5–6.

This Court will follow *Sinox I* in holding that Article 10(a) of the Hague Convention does not prohibit service upon a Chinese entity through electronic means, like email. *Sinox I*, 2022 U.S. Dist. LEXIS 62913, at *5; *see also Monolithic Power Sys. Co. v. Meraki Integrated Cir. (Shenzen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 U.S. Dist. LEXIS 99276, at *5 (W.D. Tex. June 2, 2022) ("[T]he Court agrees with the authorities holding that a country's objection to postal service does not constitute an objection to electronic service."). The Court incorporates by reference the relevant sections of *Sinox I* herein.

In addition, consistent with *Sinox I*, the Court finds alternative service justified here where Sinox initiated service upon YiFeng via the Hague Convention in January of 2022. *Sinox I*, 2022 U.S. Dist. LEXIS 62913, at *7. That is the law of the case. In future cases, the Court will likely

---

[3] Sinox's Renewed Motion also requested that alternative service include "[s]ending process, translated into Chinese, to Pendy Wu via WeChat using the same WeChat information Sinox personnel previously used to correspond with Pendy Wu," but Mr. Wu seemingly foreclosed this avenue by blocking Sinox's representative on WeChat. *See* ECF No. 26.

demand that similarly situated plaintiffs wait six months from initiating Hague service before moving under Rule 4(f)(3).[4] This Renewed Motion, filed approximately four months after Sinox initiated Hague service, would nevertheless be excepted from such a rule because the Court "expects that service through the Hague will be further delayed by ongoing complications related to the coronavirus and tensions between Taiwan, Sinox's home country, and China, [YiFeng's] home country." *Id.*

Finally, the Court holds that Sinox has cured the defected *Sinox I* identified and shown that the requested alternative service upon YiFeng comports with due process—just as the alternative service ordered upon SYIC comports with due process. *See id.* at *11. The Court incorporates by reference the relevant sections of *Sinox I*. The Renewed Motion reflects that YiFeng is doing business online. Specifically, it shows that YiFeng sells suitcases and locks on the popular Alibaba platform. *See* ECF No. 20-4; *see also* YiFeng Manufacturing Co. Ltd., Alibaba.com, https://yif.en.alibaba.com/ (last visited June 18, 2022). Sinox has shown that YiFeng sales representatives are responsive through Alibaba's chat functionality and email addresses publicly listed on YiFeng's own website. *See* ECF No. 20 at 3–5. The Court is therefore satisfied that service upon electronic addresses associated with YiFeng's online business is reasonably calculated to apprise YiFeng of this Action. Indeed, Sinox's attempts at service so far, including electronic messages, have very likely succeeded in notifying YiFeng of this Action. For example,

---

[4] This Court recently granted alternative service in *Monolithic Power Systems* in part because more than six months had elapsed between the plaintiff initiating Hague service and seeking alternative service. 2022 U.S. Dist. LEXIS 99276, at *9. The Court quoted the advisory committee: "The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months." *Id.* at *6 (quoting Notes of Advisory Committee on 1993 Amendments, Fed. R. Civ. P. 4(f)).

YiFeng's sales manager, Mr. Wu, corresponded with Sinox's representative, Ms. Chen, on WeChat up until Ms. Chen raised the issue of this Action, at which point Mr. Wu stopped responding and eventually used WeChat's functionality to block any further messages from Ms. Chen. *See* ECF No. 26. This signals to the Court that Mr. Wu and YiFeng are aware of this Action and may be taking steps to avoid service.

Accordingly, the Court concludes that alternative service upon YiFeng through electronic means is appropriate. The Court accepts Sinox's suggested means for effecting service with one minor modification that should work little prejudice upon Sinox while decreasing the risk that YiFeng is not alerted to this Action (to the extent it is not already aware). Specifically, Sinox should email translated process to each of the email addresses listed in Exhibit 2 to the Renewed Motion. ECF No. 20-2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Leave to Effect Alternative Service on Defendant YiFeng Manufacturing Co. Ltd., ECF No. 20, is **GRANTED-AS-MODIFIED**.

**IT IS THEREFORE ORDERED** that Sinox may serve process upon YiFeng pursuant to Rule 4(f)(3) by doing all of the following:

- Emailing process, translated into Chinese, to YiFeng via email to the following: sales56@yflock.com, sales2@yflock.com, snow@yflock.com, sales71@yflock.com, sales39@yflock.com, and cindylai@yflock.com; and

- Sending process, translated into Chinese, to YiFeng through Alibaba's chat.

8

SIGNED this 23rd day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE